## Commonwealth v. Stone

*Morrison F. Lewis,* for Commonwealth.
*Thomas R. Ceraso,* for defendant.

LOUGHRAN, *J.,* February 11, 1981 — This matter arises out of a charge of violating the registered gross weight provision of 75 Pa.C.S.A. §4942(a). On May 30, 1980, defendant was operating a truck on Route 31 in Donegal Township, Westmoreland County. The vehicle was stopped by a state trooper at about 11:35 a.m. on suspicion that the vehicle was overweight. The trooper radioed for a weigh master to proceed to the scene. At about 12:35 p.m. the vehicle was weighed and a citation was issued. A hearing was held on November 25, 1980. At the close of the hearing defendant moved for dismissal on the basis that the information contained in the traffic citation was at variance with the testimony, that is, that the time of the offense inscribed on the citation is 12:35 when the vehicle was stopped at or about 11:30. Defendant's motion was dismissed.

Defendant filed a motion in arrest of judgment on the basis that: (1) the information contained in the traffic citation was at variance with the actual facts of arrest and (2) the Commonwealth failed to prove that the weighing was conducted by qualified personnel pursuant to 75 Pa.C.S.A. §4981(b).

Defendant contends that the citation must be dismissed as an arrest for overweight occurs at the site of the seizure of the vehicle and not at the site of the weighing: Com. v. Mentz, 3 D. & C. 3d 257, 35 Beaver (1975). In this case the arrest occurred at 11:35, the time of the seizure, and not at 12:35, the time of the weighing. However, this court is of the opinion that time is not of the essence and therefore is immaterial to a charge for violation of 75 Pa.C.S.A. §4942. In Com. v. Geyer, 22 Cumberland 75 (1972), the court held that a citation for a speed-

ing violation which erroneously placed the time of the offense at 4:15 p.m. instead of 4:15 a.m. will not be quashed since time is not of the essence of the offense charged and there is nothing to show that defendant was in any way prejudiced by this error in his defense upon the merits. In a charge of operating a vehicle in excess of its registered gross weight, time is not of the essence to the offense charged.

The placing of the time of the offense at 12:35 instead of 11:35 in no way prejudiced defendant in his defense on the merits. Defendant was amply warned of the violation. In the absence of either a showing of time essentialness to the offense charged or prejudice to defendant in his defense on the merits, an erroneous listing of the time of the offense is immaterial. Moreover, the time stated was the time of the weighing and was the time the citation was issued, all of which is consistent with the testimony and provides information to defendant of the offense charged to enable defendant to present his defense.

As to defendant's second contention this court is of the opinion that the weigh master's qualifications were properly presented by the Commonwealth. On direct examination, the weigh master testified that he had attended a 16 hour course given by the Pennsylvania State Police and that the course was approved by the Department of Agriculture. The weigh master further testified that he also holds a valid public weigh master license given by the Department of Agriculture. These qualifications were evidenced by certificates presented to the court and admitted into evidence, with counsel for defendant having no objections. It is the opinion of this court that this testimony, coupled with the admission of the certificates into evidence, is suffi-

cient to satisfy the requirements of 75 Pa.C.S.A. §4981(b).

Accordingly, defendant's motion in arrest of judgment is dismissed.

## ORDER

And now, February 11, 1981, it is hereby ordered, adjudged and decreed that defendant's motion in arrest of judgment is hereby dismissed.